T-Mobile Northeast LLC v 133 Second Ave., LLC (2019 NY Slip Op 02826)





T-Mobile Northeast LLC v 133 Second Ave., LLC


2019 NY Slip Op 02826


Decided on April 16, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 16, 2019

Renwick, J.P., Gische, Kapnick, Kern, Moulton, JJ.


8995 102198/10

[*1]T-Mobile Northeast LLC, Plaintiff-Respondent,
v
133 Second Avenue, LLC, Defendant-Appellant.


Steven Raison, New York, for appellant.
Rapaport Law Firm PLLC, New York (Marc A. Rapaport of counsel), for respondent.



Order and judgment (one paper), Supreme Court, New York County (Margaret A. Chan, J.), entered November 8, 2017, to the extent it granted plaintiff's motion for summary judgment declaring that plaintiff's rights under the parties' 1995 lease and 2002 amendment with respect to a portion of the roof located at 133 Second Avenue in Manhattan remain in full force and effect and that defendant shall not deny, limit or otherwise interfere with plaintiff's right of access pursuant to the 1995 lease and 2002 amendment through the initiation of frivolous legal action, and dismissing defendant's counterclaim for waste, and declared as above-stated, unanimously affirmed, with costs. Appeal from the foregoing order, to the extent it ordered a hearing on the imposition of sanctions against defendant, unanimously dismissed, without costs, as taken from a nonappealable order.
Plaintiff established prima facie that defendant's waste counterclaim should be dismissed because the damage to the roof was unrelated to plaintiff's equipment. Defendant's managing agent, director of management, architect, and waterproofing contractor all exonerated plaintiff for the tilting parapet and the leaks. Defendant's expert affidavit failed to raise an issue of fact, because the expert's theories were refuted by factual evidence and the testimony of defendant's witnesses (see Romano v Stanley , 90 NY2d 444, 451 [1997]).
Contrary to defendant's contention, its superintendent's affidavit and deposition testimony raise no issues of fact as to whether it denied plaintiff access to the demised premises. The superintendent did not expressly deny that he threatened to call the police, and his testimony that he could not drop everything to provide access to plaintiff's agents belied his statement that the agents had a key and the code to enter. Moreover, plaintiff's contractor testified that the superintendent instructed him to call whenever he wanted access because the landlord wanted to know who was on the roof. In any event, it is undisputed that plaintiff had the right under the lease and the amendment to round-the-clock access to its facilities.
The part of the order that directed that a hearing on sanctions be held does not affect a substantial right and is therefore not appealable as of right (see CPLR 5701[a][2][v]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 16, 2019
CLERK